UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 17, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Matthew M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-2311-BAH

Dear Counsel:

On September 12, 2022, Plaintiff Matthew M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case, ECF 9, the parties' dispositive filings, ECFs 12 and 14,[1] and Plaintiff's reply brief, ECF 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Defendant's motion, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on September 19, 2018, alleging a disability onset of September 1, 2016. Tr. 262–71. Plaintiff's claim was denied initially and on reconsideration. Tr. 191–94, 199–201. On October 19, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 86–136. At the hearing, Plaintiff amended the alleged onset date to September 19, 2018, the application date. Tr. 103. Following the hearing, on December 22, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 34–45. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive briefs rather than motions for summary judgment. Plaintiff here filed a brief. ECF 12. Though Defendant's filing is docketed as a brief, it is written as a motion for summary judgment. ECF 14. As such, I will refer to Defendant's filing as a motion for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

*Matthew M. v. Kijakazi*
Civil No. 22-2311-BAH
August 17, 2023
Page 2

constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 19, 2018, the application date."  Tr. 36.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "major joint dysfunction, chronic pain (knees, feet, back, elbow hands), degenerative disc disease, pancreatitis, blood clots, GERD/reflux disease (ulcers), bilateral carpal tunnel syndrome."  *Id.*  The ALJ also determined that Plaintiff suffered from the non-severe impairments of asthma, hypertension, hyperlipidemia, anxiety, depression, attention deficit hyperactivity disorder, and substance abuse addiction.  Tr. 36–37.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 38.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except able to stand/walk up to 4 hours in an 8 hour workday; able to sit up to 6 hours in an 8 hour workday; occasionally able to climb ramps or stairs; never able to climb ladders, ropes, or scaffolds; frequently able to balance, occasionally able to stoop, kneel or crouch; never able to crawl; is limited to occasional use of the left upper extremity for overhead reaching; limited to occasional use of the left upper extremity for fine fingering or grasping/handling of small objects; and must avoid work at unprotected heights. In addition he is limited to frequent use of the right upper extremity for fine fingering or grasping/handling of small objects, needs to avoid concentrated exposure to extreme cold, heat, wet, damp or humid conditions; avoid concentrated exposure to vibration, and avoid concentrated exposure to fumes, odors, dusts, gases, or other environmental irritants.

Tr. 38–39.  After considering testimony from a vocational expert ("VE"), the ALJ determined that

Plaintiff was unable to perform past relevant work as a sales representative (DOT[3] Code 253.357-010) but could perform other jobs that existed in significant numbers in the national economy, including customer complaints clerk (DOT Code 241.367-014), information clerk (DOT Code 237.367-022), and parlor chaperone (DOT Code 352.667-014). Tr. 43–45. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 45.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination is unsupported by substantial evidence because it was not the product of a function-by-function analysis. ECF 12, at 9. Specifically, Plaintiff avers that "the ALJ entirely failed to explore how [Plaintiff's] impairments affect his ability to perform the primary exertional demands of competitive employing that include

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

lifting, carrying, pushing, and pulling." *Id.* at 16. Defendant counters that the ALJ provided "a proper and well-supported" RFC finding, ECF 14-1, at 6, and that Plaintiff's argument that the ALJ failed to discuss the RFC function-by-function "is overly literal and ignores both the regulation cited by the ALJ in his finding and the rest of the [RFC] discussion." *Id.* at 7.

A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." SSR 96-8p 1996 WL 374184, at *1 (S.S.A. July 2, 1996); 20 C.F.R. § 416.945(b). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which she believes the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (holding that ALJ erred by ignoring significant evidence related to claimant's limitation on sitting and concluding that claimant was not restricted in her ability to sit) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). "Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas*, 916 F.3d at 311.

The ALJ's error in this case is analogous to that of the ALJ in *Dowling*. In *Dowling*, the Fourth Circuit remanded where "the ALJ relied on an incorrect regulatory framework" and where it found "three aspects of the ALJ's RFC analysis particularly troubling." *Dowling*, 986 F.3d at 387. Specifically, the Fourth Circuit found reversible error in (1) the ALJ's failure to perform a function-by-function analysis before making conclusions about the claimant's exertional abilities which the ALJ found consistent with the prematurely formulated RFC determination; (2) the ALJ's failure to sufficiently evaluate the claimant's ability to sit where such an ability was contested and "relevant to determining [the claimant's] disability status"; and (3) the ALJ's failure to properly evaluate the claimant's need to work near a bathroom, despite evidence in the record indicating such a need. *Id.* at 388–89.

Here, the ALJ determined that Plaintiff was capable of light work but provided no specific conclusions about Plaintiff's capacity to lift, carry, push, or pull. Tr. 38–39. "Light work" entails "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and of "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Thus, the ALJ implicitly determined that Plaintiff can lift twenty pounds, lift or carry objects weighing ten pounds frequently, and push and pull arm controls. However, in making this functional determination, the ALJ failed to (1) consider all

*Matthew M. v. Kijakazi*
Civil No. 22-2311-BAH
August 17, 2023
Page 5

relevant evidence, including evidence that contradicted the ALJ's conclusion, and (2) sufficiently explain the conclusions in the RFC determination.

Plaintiff argues that the ALJ failed to mention a long list of evidence in the record that reasonably bears on the functions of lifting, carrying, pushing, and pulling. ECF 12, at 16–18. While the ALJ did at least refer to much of this evidence in the opinion, Tr. 40–43, the ALJ did not reconcile the ALJ's conclusions with this evidence and other evidence in the record that strongly suggests limited strength and range of motion of Plaintiff's left upper extremity. While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)), the ALJ "has a duty to resolve [conflicting medical evidence]," *Richardson v. Perales*, 402 U.S. 389, 399 (1971). Here, the ALJ ignored that duty by failing to resolve conflicting evidence before concluding that Plaintiff can lift, carry, push, and pull at a light exertional level.

As Plaintiff points out, the ALJ also failed to consider some evidence demonstrating Plaintiff's inability to lift or carry with his left upper extremity. For example, a record of an April 2019 examination indicates strength of left shoulder external rotation at "3/5." Tr. 4738. A May 2021 record notes "3/5 strength in the left upper extremity." Tr. 8046. An October 2021 physical exam record remarks "[l]eft hand 3/5 strength." Tr. 8373. The SSA defines a three on the five-point musculoskeletal strength scale as "Fair Active [range of motion] *against gravity only, without resistance*." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(C)(2)(c) (emphasis added). Because this evidence indicates Plaintiff's inability to do more than overcome gravity with his left upper extremity and/or hand, it is evidence that he is unable to lift or carry anything at all with that appendage, and therefore evidence relevant to the ALJ's RFC inquiry.

The ALJ opinion mentions "[m]ore recent" evidence "consistent with the claimant's allegations regarding limited use of the fourth and fifth fingers of the left hand" and examinations "show[ing] zero out of five strength in the claimant's left three fingers with numbness." Tr. 41. The ALJ went on to cite records that "continued to show decreased sensation to the left hand with numbness in the forearm." *Id.* Plaintiff's demonstrated impaired ability to use three fingers on his left hand, apparently credited by the ALJ, raises significant doubt that he can lift twenty pounds, as required by light work under 20 C.F.R. § 416.967(b). The ALJ's opinion does not address this apparent discrepancy, but states:

> In sum, records support the claimant's allegations that he suffers from impairments that limit his ability to perform sustained work activity, but none that prevent sustained employment. . . . The claimant has complained of left shoulder pain and records support full range of motion of the left elbow with decreased sensation in fingers three though five on the left hand. Fortunately, the claimant is right-handed and no records support his allegation that he has to use his right hand to move his left arm.

Tr. 42.

The simple fact that Plaintiff's non-dominant hand is the one impaired cannot support the conclusion that no limitations beyond those for light work (and additional reaching, fine fingering or grasping/handling) are warranted. Though the standard of substantial evidence only requires that "a reasonable mind might accept [the evidence] as adequate to support a conclusion," *Biestek*, 139 S. Ct. at 1154 (citation omitted), Plaintiff's ability to lift twenty pounds may reasonably be impacted by having limited strength in three fingers of one hand, regardless of which hand is dominant. A reasonable mind could not accept the ALJ's conclusion that one fully functional dominant hand and a significantly impaired non-dominant hand is sufficient to perform light work without explanation or qualification. Though the ALJ did limit Plaintiff to only "occasional use of the left upper extremity for overhead reaching," "fine fingering or grasping/handling of small objects," the ALJ provided no explanation for how Plaintiff's demonstrated limited use of his left upper extremity impacted the remaining exertional abilities required of light work that would implicate the use of the left upper extremity, such as lifting, carrying, pushing, or pulling.

The lack of explanation about Plaintiff's exertional abilities involving his left upper extremity is material here, as the VE opined at the hearing that there would be "no work" available for someone with Plaintiff's RFC but with the additional limitation of "essentially no functional use of the left upper extremity for grasping, handling, or manipulation really of any size objects." Tr. 123–124. Because the ALJ here failed to explain how they reached conclusions about Plaintiff's exertional abilities related to his left upper extremity implicit in the determination that Plaintiff can perform light work, judicial review is impossible, and remand is necessary. *See DeLoatche*, 715 F.2d at 150. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

V. **CONCLUSION**

For the reasons set forth herein and pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's motion for summary judgment, ECF 14, is DENIED, and the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge